DÁVILA, PLAINTIFF AND APPELLANT, *v.* DEL CAMPO ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action for Damages.—Motion for Dismissal.

No. 3287.—Decided May 2, 1924.

APPEAL—DISCRETION OF COURT.—The Supreme Court will not exercise its discretion in favor of an appellant who has filed his brief out of time and after notice of a motion for dismissal, unless it is convinced that the appeal is meritorious or that a doubtful question is involved.

COUNCIL OF ADMINISTRATION—QUAERE.—Whether the civil liability of the members of the council of administration for damages caused to private persons, referred to in section 42 of the Municipal Law, is for their individual or their collective acts.

The facts are stated in the opinion.

*Messrs. L. Toro Cabañas* and *A. Rodríguez* for the appellant.

*Mr. J. Soto Rivera* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellee moved to dismiss this appeal because the brief was not filed in time. The record shows that a demurrer was sustained to the complaint and thereafter judgment was rendered against the complainant on the 28th day of January, 1924. The record was filed in this court on the 6th of March, 1924. The brief was due ten days thereafter. The motion to dismiss was filed and notified on April 14, 1924. On the 28th day of April the appellant filed an answer to the motion, a brief on the main case and an affidavit of merits.

The answer is not satisfactory, inasmuch as we have frequently decided that mere professional occupations are not an excuse for presenting a paper outside of the time allowed by law. Such mere professional occupations are never an excuse for not asking for an extension of time to file a brief. Nevertheless, when the appellant files a brief, with reasonable promptness, we have been disposed, although the time may have expired, to be liberal in entertaining an appeal. However, we must be convinced that there is a meri-

torious appeal; some doubtful question raised. The complainant sought to hold individual councilmen responsible for the annulment of a contract for the sale of land.

It is conceded that the municipal council that made the alleged contract to buy the land in question had no authority to do so. The power belonged to the municipal assembly. The appellant cites section 42 of the Municipal Law to fix a responsibility in the members of the council. It is as follows:

"Section 42.—That each member of the council of administration shall have under his direction and control such offices and services as pertain to his office. He shall execute all ordinances and resolutions relating to matters comprised in the denomination of his office; shall certify payments to be made by his department within budgetary appropriations; shall appoint the employees of his office, with the consent and approval of the council and with like approval and for just cause may remove them after having heard the interested party, in writing, and on August first of each year shall render an annual report to the municipal assembly on matters connected with his department. He shall prepare bills for ordinances relating to his department, and shall submit the same to the council of administration; shall furnish to the council, to the assembly and the commissioner of public service, police and prisons such data and information as they may require in connection with his office; shall discharge all such additional duties as the council may prescribe; shall comply with such rules as the commissioner of public service, police and prisons may issue relating to the performance of his duties and obligations, and shall be responsible for the direction and operation of his department, and civilly, for any prejudice he may cause to private individuals by any of his acts and omissions, through malice or negligence or inexcusable ignorance. Ordinances relative to sanitary matters shall be approved by the Insular Commissioner of Health."

It would seem that the responsibility here designated relates to acts done in the individual department of each member of the council and not to his legislative acts or in council, as such acts are generally privileged.

.The appellant does not convince us that it is inexcusable negligence for a councilman to make the same mistake of

law that appellant himself made. Ordinarily we should say that a mistake of law in a public official, genuinely made, supposing himself to have power, would be excusable ignorance within the meaning of the statute, especially when it was within the scope of the complainant to know the state of the law.

The court below also held that the complaint failed to set up any special loss or damage resulting to complainant from the alleged breach of contract. The damages for a failure to perform a contract of sale would seem to be in their nature special and the complainant then should allege and show real damages and not rely on general statements of damages.

These and other considerations lead to the conclusion that the appellant has not demonstrated a meritorious appeal and hence the motion to dismiss for lack of a brief should prevail.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.